## W. H. RAYNOR *et al.*, as *Assignees of the Leader Sewing Machine Company*, v. J. B. BRYANT.

1. VERDICT, *Sustained.* The verdict is sustained by sufficient evidence.
2. SEWING MACHINE — *Warranty, Construed.* A warranty given by a sewing machine company with each sewing machine to a person to whom forty different sewing machines are sold by the company, reads as follows:

"OFFICIAL WARRANTY No. 16,822.—With the exceptions of shuttles and needles, we warrant the Leader Sewing Machine, as numbered above, for the term of five years from this date, for family purposes. If any part of the machine is defective in workmanship or material, upon return of such part to us we will replace· free of cost. This warranty does not cover machines with altered or defaced numbers. The Leader sewing machine herein mentioned was ordered by J. B. Bryant, and the number of this warrant must correspond with the number on the groove in needle bar, otherwise it is evidence of fraud. No warranty is genuine unless it bears the official seal of this company."

*Held,* That this warranty should be construed as follows: The warranty is a warranty of the machine as a whole and as to each separate part, with the exception of the shuttles and needles, and this for the period of five years in case the machine should be reasonably and properly used only for family purposes; with the privilege to the purchaser of returning to the company any particular part of the machine which might be found to be defective in either workmanship or material, and of having the same replaced by another free of cost.

3. GENERAL AGENT— *Company Bound by Agreements.* Where a person purchases a large number of sewing machines from a sewing machine company and has other dealings with the company, and all the business on the part of the company is transacted through a certain agent, *held*, that for the purposes of such dealings such agent may be considered as a general agent of the company and that his agreements with reference to the business will bind the company.

4. WARRANTY— *Competent Evidence.* Where a sewing machine company sells a large number of sewing machines to a person and with each sewing machine gives a warranty, and all the warranties are alike except as to numbers, and the sewing machines do not fulfill the warranties, *held*, that on a trial of a case between the purchaser and representatives of the company, the court below did not err in permitting the purchaser to prove various defects in the several sewing machines without first proving the particular number of each machine.

*Error from Wyandotte District Court.*

ACTION on a promissory note, brought on December 12, 1885, before a justice of the peace of Wyandotte county by *William H. Raynor* and John L. Severance, assignees of the Leader Sewing Machine Company, against *J. B. Bryant.* The note was for $142.08, with a payment thereon of $6.50. It was executed by Bryant to the Leader Sewing Machine Company, was dated February 18, 1885, and was due in six months after date. The defendant filed an answer, which, omitting title and signature, reads as follows:

"1. Now comes the defendant, J. B. Bryant, and for answer to the plaintiff's petition herein says that he admits the execution of the promissory note sued on herein; but says that the consideration for said note is a number of Leader sewing machines which said defendant purchased of and from the Leader sewing machine company, and that said defendant received of and from said company written warranties, of which 'Exhibit A,' hereto attached, is a copy and made a part hereof; and that said defendant still has in his possession and unsold, fifteen of said sewing machines, which he is unable to sell or dispose of, for the reason that said Leader sewing machine company has failed, and said warranties are worthless and of no value whatever. Wherefore, defendant is damaged in the sum of $150, by reason of the premises aforesaid.

"2. And for a further answer and defense, said defendant

says that the Leader sewing machine company warranted said machines to be in good condition, but that said machines were useless and worthless as sewing machines, and were not in good order; said company warranted said machines to be in order and to continue in order, and to keep the same in repair for a period of five years from and after said purchase. Said defendant says that said sewing machines so purchased by him and warranted by the said company were not in good order, and the plaintiffs, the Leader Sewing Machine Company, entirely failed, neglected and refused to put said machines in order although often requested so to do, to the great damage of this defendant, in the sum of $80, and defendant has been compelled at divers times to pay out money from time to time since he purchased said machines, to have the needle wheels nickel-plated and the treadles repaired and the shuttle plates replated, and that said machines so delivered to said defendant were not in good order, but were useless and of no value whatever.

"3. And said defendant for a third and further defense, says that he denies each and every allegation and averment in said plaintiff's bill of particulars contained and set out, and that said note is wholly without consideration."

Exhibit A, attached to the foregoing answer, omitting formal parts, reads as follows:

"OFFICIAL WARRANTY NO. 16,822.

"With the exception of shuttles and needles, we warrant the Leader sewing machine, as numbered above, for the term of five years from this date, for family purposes. If any part of the machine is defective in workmanship or material, upon return of such part to us we will replace free of cost. This warranty does not cover machines with altered or defaced numbers.

"The Leader sewing machine herein mentioned was ordered by J. B. Bryant, and the number of this warrant must correspond with the number on the groove in needle bar, otherwise it is evidence of fraud. No warranty is genuine unless it bears the official seal of this company."

The case was tried before the justice of the peace and a jury, and a verdict and judgment were rendered in favor of the plaintiffs for $45, and they appealed to the district court, where the case was again tried before the court and a jury,

and the jury rendered a general verdict in favor of the defendant. On April 10, 1887, a motion for a new trial was overruled, and judgment rendered accordingly. The plaintiffs, as plaintiffs in error, bring the case to this court for review.

*D. B. Hadley*, for plaintiffs in error.
*Alden & McGrew*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: We think the evidence introduced on the trial of this case was sufficient to authorize the verdict rendered by the jury, and if so, then the only question remaining is, whether there was any such error committed by the trial court during the trial as will require a reversal of the judgment of such court. It would seem to us that the principal dispute between the parties arises from a difference between them as to what is the true and proper construction of the warranty given by the Leader sewing machine company with each sewing machine to the defendant. The plaintiffs seem to construe such warranty, not as a warranty of the sewing machine as a whole, but only as a warranty of its separate parts, and not that each separate part should remain reasonably good with proper use for a period of five years or for any other period of time, but simply that if it should be defective in workmanship or material at the time when the machine was sold, then that the purchaser should have the privilege of returning it to the company to have the same replaced by another, and should not have any other remedy. On the other side, the defendant claims that the warranty is a warranty of the machine as a whole and as to each separate part, with the exception of the shuttles and needles, and this for the period of five years in case the machine should be reasonably and properly used only for family purposes; with the privilege to the purchaser of returning to the company any particular part of the machine which might be found to be defective in either workmanship or material, and of having

the same replaced by another, free of cost. The case was tried in the court below both by the defendant and by the court upon the defendant's theory as to the true and proper construction of the warranty, and hence the plaintiffs claim that it was erroneously tried.

Evidence was introduced on the trial tending to prove that the defendant purchased forty sewing machines from the Leader sewing machine company, and gave six promissory notes therefor, all of which have been paid except the one sued on; that the transactions had between the sewing machine company and the defendant were all carried on and conducted on the part of the company through the agency of Phil. Jacobs; that the machines were not good machines; that many parts of them were defective both in workmanship and material; that the defendant returned some of the parts to the sewing machine company for the purpose of having them made better or others returned in their places; that the company repaired or replaced these parts, but charged the cost thereof to the defendant, which he paid; that Jacobs gave the defendant the privilege of making good and repairing all defective parts which might be found in the sewing machines, and stated that the company would pay him therefor, and that it would save the company the expense of transportation to and from the company; that the defendant did repair and cause to be repaired many of such defective parts at considerable cost to him; that he still has fifteen of such sewing machines on hand, which are almost worthless and which he cannot sell; that the sewing machine company is insolvent, has made an assignment, is not carrying on any further business, and that no such machines as those purchased by the defendant, nor any of the parts thereof, are now being made or supplied by the company.

We think the warranty given with each sewing machine was correctly construed · by the court below, and if so, then there is but little room for the plaintiffs to claim that any material error was committed by such court. And construing the warranty as the court below construed it, it makes but

very little difference whether Phil. Jacobs was a general or only a special agent for the Leader sewing machine company, though from the facts proved it is fair to hold, as between the sewing machine company and the defendant, that he might be considered as a general agent for the company, and therefore that his agreement concerning the repairs of the various parts of the sewing machines would bind the company. (*Babcock v. Deford*, 14 Kas. 408; *Sewing Machine Co. v. Rheinschild*, 25 id. 534; *Banks v. Everest*, 35 id. 687; *Insurance Co. v. Barnes*, 41 id. 161.) The rights of the parties, however, without such agreement, would be about the same as with, and therefore such agreement is of but little importance. As a general warranty was given with every sewing machine, and as all the warranties were and are alike, except as to numbers, it makes no difference and constitutes no error that the trial court permitted the defendant to prove the various defects in the several machines without first proving the particular number of each machine.

There are other claims of error, but we do not think that they require any comment.

The judgment of the court below will be affirmed.

All the Justices concurring.