SOUTHERN DEPARTMENT—WESTERN DIVISION.
FEBRUARY TERM, 1896.

J. R. WATSON, J. G. PLOWMAN, AND C. W. WATSON, *Copartners as The Sultan Cart Company*, v. C. K. BECKETT.

No. 53.

WARRANTY CONSTRUED—*Sale of Personal Property*. A warranty given by a cart company reads as follows: "We warrant all of our work to be of good material and made in workmanlike manner. In case breakage shall occur within one year by reason of defective material, we will replace all broken parts free of charge, but the agent must be cautious and use his judgment in the matter. We will not make good any breakage only such that is defective." *Held*, That this warranty should be construed as a warranty of each cart and every part thereof as to workmanship and material for the period of one year, with the privilege of having any defective part or cart replaced free of cost during said period.

MEMORANDUM.—Error from Rice district court; J. H. BAILEY, judge. Action on contract by J. R. Watson and others, as The Sultan Cart Company, against C. K. Beckett. Judgment for plaintiffs. Plaintiffs bring the case to this court. Reversed. Opinion herein, filed February 5, 1896, states the material facts.

*Samuel Jones*, and *F. P. Green*, for plaintiffs in error.
*C. F. Foley*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought in the district court of Rice county by The Sultan Cart Company, a copartnership, to recover the balance due upon an account for certain carts sold to the defendant in error, who set up in his answer certain damages alleged to

have been sustained by reason of the failure of a certain warranty given with the goods purchased by him. The jury rendered a verdict for plaintiffs in error, but for a much less amount than that which was claimed, allowing the defendant a large sum for damages. From a judgment upon such verdict the plaintiffs in error bring the case here for review.

The record discloses that in October, 1888, the Sultan Cart Company, through its agent, sold to C. K. Beckett a car-load of carts, which were to be shipped from White Pigeon, Mich., to San Jose, Cal., and there sold upon the market. Accompanying the contract of sale was a written warranty, which reads as follows:

" We warrant all of our work to be of good material, and made in workmanlike manner. In case breakage shall occur within one year by reason of defective material, we will replace all broken parts free of charge, but the agent must be cautious and use his judgment in the matter. We will not make good any breakage only such that is defective."

No question is raised in this case as to the delivery of the carts, or as to the balance unpaid upon the account; but in his answer the defendant sets up in several distinct counts various claims for damages alleged to have been sustained by the failure of the above warranty. It was the theory of the defendant in error, and also of the trial court, that the warranty in question was a general and continuing warranty with regard to workmanship and material, and a further warranty limited to the space of one year as to repairs made necessary by breakage occurring without fault of the purchaser. The contention of the plaintiffs in error is, that the warranty of workmanship and material is limited by the latter clause thereof

to one year, within which time the plaintiffs in error would replace all broken parts where the breakage was caused by reason of a defect in material or workmanship ; that the measure of damages for the failure of said warranty would be the cost of placing any defective cart in such condition that it would answer the warranty in case plaintiffs in error refused so to do.    Quite a number of errors have been assigned in this case, but our view is that all which are of importance may be considered in the determination of the question as to whether or not the trial court correctly construed the warranty in question.    We are clearly of the opinion that the trial court committed error in this regard.    The warranty in question must be construed to be one of material and workmanship, and containing an agreement to make good any defective cart or part thereof for a period of one year.    The first portion of the warranty is to the effect that the carts in question are to be of good material and made in workmanlike manner.    A failure of this portion of the warranty, then, must arise either from defective material or workmanship.    A defect in material or workmanship is either patent or latent.    If patent in the carts sold, then under the warranty the defendant in error was not compelled to accept the same, but could insist that any part showing the defective material or workmanship should be replaced with a similar part of good workmanship and material.    If the defective material or workmanship entered into the whole cart or into a number of carts as a whole, then he could insist on the defective cart or carts being replaced with those which comply with the warranty. The latter part of the warranty recognized the fact that there might be latent as well as patent defects in

the carts in question, and that, if there were such latent defects, they would become patent when the defective part broke, and under the warranty such part was then to be replaced, if said breakage occurred within one year.

Again, when a breakage occurred in any part of a cart, it was for one of two reasons—either on account of defective material or workmanship, or from a misuse of the cart or the part so breaking, for which neither the workmanship nor material was blamable. Now, under this warranty, if the breakage occurred for the first of these reasons, within the period prescribed in the warranty, the defendant in error was to be made whole ; if for the latter reason, the person so causing the breakage was the loser.   This interpretation of the warranty gives full force and effect to every part thereof, and is in harmony with the decisions of our supreme court in cases decided by it where warranties somewhat akin to this have been in question. (*Raynor v. Bryant*, 43 Kan. 492.)   Under this warranty, plaintiffs in error should have been given the opportunity to replace any of the carts sold to defendant in error, or any parts thereof which were defective in workmanship or material, and in case plaintiffs in error had refused to replace any defective cart or part thereof upon demand, then the measure of damages of defendant in error would be the necessary cost incurred to make the article fulfil the warranty.

The construction given to this warranty by the trial court entered into the character of testimony admitted, the instructions to the jury, and the overruling of the motion for a new trial.   We therefore consider it unnecessary to review the errors relating to each specific

branch of the trial, as they are such as will not occur upon a retrial of the case.

The judgment of the district court is reversed, and the cause remanded for a new trial.

All the Judges concurring.