## LELAND A. BABCOCK v. D. DEFORD & CO.

1. WRITTEN INSTRUMENTS; *Construction; Parol Testimony.* While parol testimony is inadmissible to contradict the terms of a written agreement, yet it is admissible to prove an independent parol agreement made cotemporaneous with the written contract; and where the written contract is fairly susceptible of two constructions, parol testimony of the surrounding circumstances, including the conversations between the parties, is admissible to show which construction should obtain.

2. ———— Thus, where D. signed a written order to B. to send certain goods "at $10 each, on six months time;" *held*, that it was competent to show a parol agreement made at the same time, that if D. was unable to resell any of those goods during the six months, B. would take them back and cancel the sale.

3. AGENT'S AUTHORITY; *When Agent's Contracts bind his Principal.* Where an agent, the actual extent of whose authority is unknown, makes a sale of his principal's goods upon certain conditions within the ordinary scope of such an agent's authority, the principal cannot thereafter affirm the sale and reject the conditions without the consent of the purchaser, even though such conditions may be outside of the actual authority of the agent.

*Error from Franklin District Court.*

THE action below was commenced by *Babcock*, as plaintiff, before a justice of the peace. It was removed by appeal to the district court, where it was tried at the March Term 1874.

Finding and judgment in favor of *Deford & Co.*, defendants, and plaintiff brings the case here on error.

*J. O. W. Paine*, for plaintiff, contended that, as the action is based upon a contract in writing, parol testimony is not admissible to contradict, add to, subtract from, or in any way vary its terms—citing 1 Greenl. Ev., § 275; 2 Phil. Ev., p. 636; *Drake v. Dodsworth*, 4 Kas., 159; 30 N. Y., 474; 15 Wis., 286. Again, the evidence, even if admissible, does not show such an agency on the part of Ross as would bind the plaintiff in any verbal contract outside, and in variance of, the written one for the absolute purchase of plaintiff's goods.

*John W. Deford*, for defendants, submitted, the familiar rule, that oral evidence cannot be given to control, vary, or contradict a written agreement, applies to those contracts only which have been wholly *reduced to writing;* while to those which rest wholly or partly *in parol*, it has no application. 2 Pars. on Cont., part 2, ch. 1, § 10, and note; 1 Green. Ev., §§ 284, 284a, 304; 2 Phil. Ev., 772; 2 Stark. Ev., 573. And this doctrine is recognized by this court in *Drake v. Dodsworth*, 4 Kas., 170, and by authorities too numerous to cite. A machine manufacturer's "agent and commercial traveler," has full power to do and perform all the commercial business of his principal, and is to be regarded as the general agent of his principals, and clothed apparently with the power of fixing the price, and the time and mode of delivery of the goods, and the payment of the price. Ross had apparent authority, from the nature of his agency and dealings, to make the parol contract. His knowledge was the knowledge of his principal, and the principal is bound by the conditions agreed upon.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error claims that the district court erred in permitting parol testimony to vary the terms

Babcock v. Deford.

of a written contract. The facts are these: On the 3d of February 1873 the defendants signed and handed to the agent of the plaintiff the following order:

"LELAND A. BABCOCK, M. D., Freeport, Illinois:

"Dear Sir: Please send *us six* of your pure solid silver uterine supporters as follows, to-wit: * * * at *ten dollars* each, on *six months* time, with printed matter. Very truly yours,　　　　　　　　　　　　　　　　*D. Deford & Co.*

"*Ottawa, Kansas, February 3d,* 1873."

This order was on a printed blank, only the words in *italic* being in writing. The supporters were sent, and at the end of six months a draft drawn for the $60, which was protested for nonpayment. Suit was immediately commenced, and on the trial one of the defendants, over the objection of plaintiff, testified that this order did not show the entire contract be-

1. Parol testimony — written agreement.

tween the parties; that the contract was in substance that defendants should take the supporters conditionally, and if at the end of six months they had not been able to sell any the plaintiff would take them back; that they had tried, but had been unable to sell a single one, and had notified the plaintiff to take them back, and held them subject to his order. It is not disputed but that, if this testimony was competent, and the contract as thus stated, the defendants were not liable. It is undisputed law that parol testimony is inadmissible to contradict the terms of a written contract; but it is also settled that, notwithstanding the written agreement, proof may be made of a cotemporaneous parol agreement, and that where the written agreement is fairly susceptible of two constructions parol testimony is admissible of the surrounding circumstances, including the conversations between the parties, for the purpose of determining which construction should obtain. And these rules, we think, justified the admission of the parol testimony. There is no contradiction between the parol and written agreement. Both

2. Cotemporaneous agreements — one written, one parol.

may have been made. The writing orders the goods to be sent, specifies the number, the price, and the time. The parol testimony does not dispute either. It concedes all to be as stated in the writing, but

asserts that the vendor also agreed to receive the goods back if the vendee during the six months should be unable to resell any. Though the writing in terms asserted an absolute purchase, and contained an express promise to pay, it would still be consistent with an agreement to repurchase. Both might have been made at the same time, and both expressed in writing, or one in writing and the other in parol. But the writing does not in terms assert an absolute purchase, or contain an express promise to pay. True, the law will, in the absence of other testimony, upon a receipt of the goods, imply a promise to pay; but this is not a necessary inference from the language, and might be changed by extrinsic circumstances. Thus, if the defendants were only commission merchants seeking consignments, known to be such by plaintiff, the course of business might be such between the parties as to justify the inference that this was but an application for a consignment, with limit as to price and time. If then under any circumstances this language will permit a construction consistent with a conditional purchase, testimony is admissible to show that such was really the intention of the parties in the transaction, and such therefore the proper construction. Reverse the condition, and suppose that it was orally agreed between the parties that upon delivery of the goods, security should be given as a condition of the time: could not the plaintiff show this fact, and upon failure to receive security commence suit at once? The contract is silent as to security. Does it prove that there was no agreement concerning it? It is silent as to agreement to repurchase. Does it follow that there was none?

This agreement was made between the defendants and one Ross, who was the agent and commercial traveler of plaintiff; and it is objected that there is no proof that Ross had power **3. Agent; his authority; power to bind principal.** to bind the plaintiff by such an agreement. The defendants had no personal acquaintance, no negotiations directly with plaintiff. The entire trade was made between this agent and them. They had no knowledge of the extent or limitations of his authority. If

the plaintiff accepted the contract of his agent, he must accept it as a whole, and cannot accept that which suits him and reject the balance. The principal is bound by the representations of his agent, bound by the contracts he makes within the apparent scope of his authority. Ross was the agent of plaintiff, agent to make sales, and the plaintiff is bound by the conditions he attaches to such sales. At least he cannot enforce the sales, and reject the conditions. We see no error, and the judgment will be affirmed.

All the Justices concurring.