THE VICTOR SEWING MACHINE COMPANY v. PHILIP
RHEINSCHILD.

COMPANY, *When Bound by its Agent.* On May 31, 1878, one M., being the
traveling salesman of a sewing machine company, visited Lawrence to
solicit purchasers for sewing machines of the company which he repre-
sented. He said to defendant that he was the general agent of the com-
pany, and represented that the machines he was selling were superior to
the St. John sewing machines, in the sale of which defendant was then
engaged. He obtained an order from defendant for six machines with
agent's supplies, for $125, payable within 180 days from date. In the
order signed·by defendant it was provided "that the only condition under
which this order is given is as stated herein, and that no agreement dif-
ferent from this can be made except it be in writing and is signed by the
general manager of the Victor sewing machine company." The ma-
chines were shipped by the company to the defendant upon the order,
but certain hemmers and tuckers of the value of about three dollars were
not sent. The machines were not superior to the St. John machine, and
did not work as well as represented by the salesman. The defendant was
dissatisfied with them, and offered to return the property and cancel the
contract. M., the salesman, took back the goods and released the defend-
ant from the order. *Held,* That the company was bound by the declara-
tions of its agent, and that the representations not being true, and the
terms of the order having never been fully complied with by either the
principal or agent, the company was not entitled to recover upon the
order after such return of the goods.

*Error from Douglas District Court.*

AT the April Term, 1880, of the district court, *Rheinschild,*
as defendant, had judgment against the *Victor Sewing Machine
Co.,* as plaintiff, which brings the case here. The nature of
the action, and the facts, appear in the opinion.

*D. S. Alford,* for plaintiff in error.

*Geo. J. Barker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 31st, 1878, one Charles C.
Malone, a traveling salesman of the Victor sewing machine
company, visited Lawrence to solicit purchasers for the sew-

ing machines of the company which he represented. He called upon the defendant in error, who was then engaged in selling the St. John sewing machines, and said to defendant that he had a better machine than the St. John. He had the head of a machine with him, and set it up and tried it, and then repeated his statement that this (his) machine would do better work than the St. John machine, and was superior to it in every respect. He said that he was the general agent of the Victor sewing machine company. Upon his solicitation the defendant signed the following order or contract:

"*The Victor Sewing Machine Co., Lawrence, May 31, 1878.*—GENTLEMEN: You will please ship to Lawrence, Kas., via Leavenworth, the following:

| | | |
|---|---|---|
| 2 No. 3 family Victor sewing machines @ $20.50 | ............... | $41 |
| 4 No. 5 family Victor sewing machines @ 21.00 | ................. | 84 |
| One large agent's sign, plenty of circulars and blanks, notes and agent's supplies. | | ——— |
| Total | ............. | $125 |

"For which I agree to pay to you within 180 days, one hundred and twenty-five dollars. Should payment not be made as herein provided, I agree to pay interest at the rate of ten per cent. per annum from the time payment is due; and I also agree to pay ten per cent. additional should the account be sent to an attorney for collection.

"I further understand and agree that the only condition under which this order is given is as stated herein, and that no agreement different from this can be made, except it be in writing, and is signed by the general manager of the Victor sewing machine company.     PHILIP RHEINSCHILD."

Indorsed as follows:

(*To be filled out by traveling agent or party himself.*)

Name ......................................Philip Rheinschild.
P. O. address...........................................Lawrence.
Business............................................Hardware and agricultural.
How long in business.................................Four years.
Capital in business.......................................$3,000.
Stock on hand.............................................$2,500.
Liabilities....................................................Very little.

REAL ESTATE.

Description.—I can't find whether he owns anything but his house and lot or not.

How much incumbrance?

Are taxes paid?

What is real estate worth?

How did you get the above information?—from records or from hearsay? If the latter, give the names of the parties.

Both of the banks here told me they had never seen a draft or note of his protested, or that was not taken care of promptly. They said they liked his way of doing business; that he was very attentive, and made good sales.

Any other remarks?

He has been selling the St. John machines, but is tired of it now; says he is going to have a large sale on sewing machines this fall; so I hope you will take pains and see that these run light. (Signature) CHAS. C. MALONE.

May 31, 1878.

The order was filled by the Victor company, with the exception of certain hemmers and tuckers of the value of about three dollars. The machines did not work as well as the St. John, and the defendant was dissatisfied with them. Afterward Malone again visited Lawrence, and had a conversaton with the defendant. He was informed that defendant's financial condition was not good, and that it would be better for the company to take back the machines. Thereupon he took defendant's copy of the contract, and ordered the machines to be held subject to the directions of the company. The defendant obeyed the order, and held the machines according to his instructions. No money having been paid by the defendant for the machines, an action was commenced by the plaintiff against the defendant to recover therefor. This action was appealed to the district court, and trial had at the April term, 1880. The jury returned a verdict for the defendant, and gave answers to the following questions:

"1. Were the machines and property described in the contract sued on in this action received by the defendant? and if not, what, if any, was not received by defendant? A. Received all goods, except hemmers and tuckers.

"2. Has said contract sued on ever been released, changed or discharged by the plaintiff by any agreement in writing, signed by the general manager of the corporation plaintiff? and if yes, when and where? A. Not changed by writing.

"3. Have any money payments been made by defendant on account of said contract sued on? and if so, when and how much? A. No money paid.

"4. Had said contract sued on been paid, discharged or released in any way? and if so, how and when?   A. Yes; by the transfer of property and surrender of contract to company's agent.

"5. Did said corporation plaintiff at any time agree in writing, signed by the general manager of said corporation plaintiff, to receive back the property described in said contract, or any part of said property, and discharge or release said defendant from said agreement? and if yes, when and how? A. Not in writing, but by agreement with company's agent.

"6. Were any conditions other than are set forth in the contract sued on made between said plaintiff and defendant at the time said contract was entered into? and if so, what were those conditions?   Were they complied with?   A. Yes, but not complied with, not being superior to the St. John machine.   Hemmers and tuckers not furnished.

"7. What was the value of any supplies provided for in the contract that were not furnished defendant by the plaintiff? A. About three dollars."

Judgment having been entered upon the verdict for the defendant, plaintiff brings the case here, and contends that as no agreement different from the contract with defendant was ever signed by the general manager of the Victor company, the general verdict is contrary to the evidence and the judgment in conflict with the special findings.   We do not think so.   This is not the case of a change in the agreement or conditions of the contract.   It appears that the order was obtained upon the representation of the agent (who informed defendant he was the general agent of the company) that the machines he was selling were superior to the St. John machines, which representation, by the finding of the jury, was not true. This representation or declaration of the agent, being made by him while transacting the company's business, and being connected therewith and being the inducement for the order given, bound the company, and it could not accept such order and obtain the benefits thereunder, and at the same time disregard the representation upon which it was obtained.   As the representation upon which the order was obtained was not true, and as the terms of the order had never been carried out by either the principal or agent at the commencement of this

action, the plaintiff was not entitled to recover. (*Babcock v. Deford*, 14 Kas. 408.)

The judgment of the district court will therefore be affirmed.

All the Justices concurring.