## A. C. WILCOX v. ROBERT EADIE.

### No. 12,611.   (70 Pac. 338.)

#### SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*Maturity in Case of Default—Exercise of Option.* When a promissory note and trust deed, given as security, contain an option authorizing the owner to declare the entire debt due upon default in the payment of interest, and the exercise of this option by an agent before the maturity of the paper is relied on to support a plea of the bar of the statute of limitations, it must be shown, to establish the defense, that the agent was authorized to declare the paper due before maturity, and proof that such agent received payments of interest, and wrote a letter attempting to declare the option, is not sufficient evidence of authority.

Error from court of appeals, southern department; A. W. DENNISON, M. SCHOONOVER, and B. F. MILTON, judges. Opinion filed October 11, 1902. Reversed.

*W. M. Glenn,* and *Wheeler & Switzer,* for plaintiff in error.

*V. H. Grinstead,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: January 1, 1888, Robert Eadie made to A. C. Wilcox his promissory note, in the sum of $350, due five years from date, payable at the Girard

National Bank, Philadelphia, Pa., secured by trust deed on property in Greeley county, in which one E. Heliker, of the McKinley & Heliker Investment Company, of McPherson, Kan., was nominated as trustee. This note contained the following stipulation:

"If default be made in the payment of any interest note, or any portion thereof, for the space of ten days after the same becomes due and payable, or in case of a failure to perform any of the covenants contained in the trust deed securing this note, then all of said principal and interest notes, less interest for unexpired time, shall, at the option of the owner and holder of this note, become at once due and payable without further notice."

The same stipulation, in substance, was contained in the trust deed.

Thereafter, on November 20, 1889, Robert Eadie conveyed the property, subject to the encumbrance, to his brother, Thomas Eadie, who, subsequently thereto, conveyed to one A. B. Kelley. Interest was paid on the loan to January 1, 1890, and was paid at the office of the McKinley & Heliker Investment Company.

This action was brought December 31, 1897, to recover on the note. Defendant interposed the bar of the statute of limitations. There were a verdict, special findings, and judgment thereon for defendant. Proceedings in error were prosecuted in the court of appeals, which resulted in an affirmance of the judgment rendered. The case is now here for review.

A motion has been interposed here for an order dismissing this case for want of jurisdiction. The motion is not well taken, and is, therefore, overruled.

From the statement above made, it will be seen that the action was not barred when commenced, as shown on the face of the papers. It is earnestly con-

Wilcox v. Eadie.

tended by counsel for plaintiff in error that no competent evidence was offered to establish a plea of the statute.  In support of this plea defendant offered, and was permitted to show, the payments of interest on the loan at the office of the McKinley & Heliker Investment Company; the trust deed containing, in substance, the stipulation above quoted; and, in order to make such stipulation operative, and set in motion the running of the statute of limitations, the receipt of a letter by the brother of defendant, in January, 1891, and its contents, calling attention to the default in the payment of interest, referring to the stipulation contained in the note and trust deed, and declaring the entire amount due and payable, according to the terms of the option.  This letter was not produced at the trial.  Thomas Eadie, however, testified that he had made search for it; that he was unable to find it, and believed it either lost or destroyed.  There was also some feeble testimony tending to show, and the jury found, that this letter was written by one Charles Zilly, treasurer of the McKinley & Heliker Investment Company.

Plaintiff, who at the time lived in McPherson, Kan., testified in the most positive terms that he at no time, either directly or indirectly, either wrote or authorized the writing of any such letter, or the exercise of the option contained in the note and trust deed.  Zilly, a witness for defendant, testified that he was at the time treasurer of the McKinley & Heliker Investment Company; that he had the books of that company before him, which contained a record of the Eadie loan; that it was the custom of the company to keep copies of all letters written; that the letter-book contained no copy of such letter as the one Eadie claimed to have received; that it was not the custom of the company to

exercise the option ; that he had no recollection of such letter's having been written, and that he would have written such letter if any had been sent.

Upon this testimony, it is the contention of counsel for plaintiff in error : (1) That the genuineness of the letter was not sufficiently established to permit proof of its contents in evidence ; (2) that conceding the letter to·be genuine, and to have been written by Zilly, and the contents as stated, then the evidence fails to show any authority on the part of Zilly, as treasurer of the investment company, as agent of plaintiff, or otherwise, to bind plaintiff in the exercise of this option.

Without commenting on or deciding the first proposition stated, we shall refer to the second alone, as its determination is of vital importance in the case.   In this consideration, let it be conceded that Zilly, as treasurer of the investment company, wrote the letter in question to Thomas Eadie, and that the objection thereto, and to the proof of its contents, were properly overruled.   Let it further be conceded that Zilly, or the investment company which he represented, was the agent of plaintiff for the purpose of receiving payment and remitting to plaintiff the interest on the loan, and it is impossible to claim more for the evidence found in the record or the special findings of the jury, yet, we think that the second contention made is fatal to the recovery in this case.

It will be remembered that this note, by its terms, did not mature until January 1, 1893.   The letter relied on as declaring the option and setting in motion the statute of limitations was found to have been written by Zilly three years before maturity of the note. The rule as to the proof of the fact of agency, and the

Wilcox v. Eadie.

power of an agent to bind his principal, is stated by Mr. Mechem as follows :

"As has been seen, the law indulges in no bare presumptions that an agency exists ; it must be proved or presumed from facts ; that the agent cannot establish his own authority, either by his representations or by assuming to exercise it ; that an authority cannot be established by mere rumor or general reputation ; that even a general authority is not an unlimited one, and that every authority must find its ultimate source in some act of the principal. Persons dealing with an assumed agent, therefore, whether the assumed agency be a general or a special one, are bound, at their peril, to ascertain not only the fact of the agency but the extent of the authority, and in case either is controverted, the burden of proof is upon them to establish it." (Mech. Ag. § 276.)

In *Lester v. Snyder*, 12 Colo. App. 351, 55 Pac. 613, it was said :

"Although a mortgagee has authorized an agent to collect interest, and to receive payment of the principal when due, the agency does not extend to receiving payment of principal before maturity." (*Smith v. Kidd et al.*, 68 N. Y. 130, 23 Am. Rep. 157 ; *Doubleday v. Kress*, 50 id. 410, 10 Am. Rep. 502 ; *Schermerhorn v. Farley*, 58 Hun, [N. Y.] 66, 11 N. Y. Supp. 466 ; *Holland v. Van Beil*, 89 Ga. 223, 15 S. E. 302.)

Applying these principles to the case at bar, we find nothing in this record which would in any manner either authorize Zilly to collect the note in suit before maturity, or empower him to exercise the option contained in the note and trust deed of declaring the principal sum due and payable three years before the date of maturity stipulated in the note for the purpose of collection, or setting in motion the running of the statute of limitations. The effect of this option, when declared, being to change entirely and supersede the

contract existing between the parties as expressed in the note and trust deed, it must be shown that Zilly was authorized by the owner to declare the option before his act in so doing will bind plaintiff. The entire absence of proof of any authority on the part of Zilly to exercise the option contained in the note and trust deed for the owner and holder renders a reversal of the judgment imperative.

It follows that the decision of the court of appeals and the judgment of the trial court must be reversed.

All the Justices concurring.