THE LUDLOW-SAYLOR WIRE COMPANY v. THE FRIB-
LEY HARDWARE & IMPLEMENT COMPANY.

No. 13,118.    (74 Pac. 237.)

SYLLABUS BY THE COURT.

PRINCIPAL AND AGENT—*Authority of Traveling Salesman.* The
traveling salesman of a wholesale house will be held to have the
authority to bind his principal by conditions attached to the sale
made by him, when the sale made and the conditions attached
thereto are reasonable and within the apparent scope of the sales-
man's authority, unless the purchaser had notice of some limita-
tion upon the salesman's authority, notwithstanding his house
was ignorant of the conditions attached to the sale, and the agent
in fact did not have authority to sell on the conditions named.

Error from Cherokee district court; A. H. SKID-
MORE, judge. Opinion filed November 7, 1903. Af-
firmed.

*H. A. Forkner,* and *R. M. Cheshire,* for plaintiff in
error.

*R. W. Blue,* and *Blue & Hamilton,* for defendant in
error.

The opinion of the court was delivered by

POLLOCK, J.: The traveling salesman of plaintiff
sold defendant company 1500 bales of wire ties and
reported such sales to have been made at the price of
$1.10 per bale, f. o. b. the cars at Baxter Springs.
This sale was made in February, payment to be made
May 1. Defendant paid on the purchase-price $1425,
leaving a balance due, as shown by the account of
plaintiff, of $225. This action was brought on a veri-
fied account of the transaction to recover the re-
mainder of the purchase-price. By verified denial
defendant put in issue the correctness of the account,

Ludlow v. Fribley.

and also alleged, as a complete defense, the fact that the traveling salesman, as agent of plaintiff duly authorized thereto, had guaranteed the price of goods purchased as the date of payment, May 1, 1900 ; that the price of like goods, f. o. b. the cars at Baxter Springs, May 1, 1900, was ninety-five cents per bale and not $1.10, as demanded by plaintiff, and alleged the full payment of the purchase-price at such figure. By proper reply the authority of the agent to attach such condition to the sale was put in issue. Defendant offered no defense in support of the authority of plaintiff's agent to guarantee the price. There was judgment for defendant. Plaintiff brings error.

The sole question is, Was the general authority of plaintiff's agent as traveling salesman, in the absence of notice to the contrary on the part of the defendant, as a matter of law, sufficient to bind plaintiff to the conditions attached to the contract of sale as pleaded ? The trial court so instructed. The sale of the goods out of which this controversy arose fell directly within the scope of the agent's authority. While that authority may, as between the agent and his principal, have been limited and the agent responsible to his principal for exceeding its bounds, yet, as between plaintiff and defendant, as no limitation upon the agent's authority was known to defendant, and as the agent acted within the apparent scope of his authority, the conditions attached to the sale bound plaintiff. (*Babcock v. Deford*, 14 Kan. 408 ; *Bank Bros. v. Everest & Waggener*, 35 id. 687, 12 Pac. 141.)

It follows that the judgment must be affirmed.

All the Justices concurring.