THE AULTMAN THRASHING AND ENGINE COMPANY V. HENRY KNOLL.

No. 13,988.  (79 Pac. 1074.)

SYLLABUS BY THE COURT.

1. AGENCY—*Proof.* Agency may be proved by the testimony of the agent to the fact.

2. PRACTICE, SUPREME COURT—*Objection to Evidence.* If a party accept the special findings of a jury as the established facts in a case this court will not consider objections relating to the admissibility of testimony based on the assertion of the non-existence of such facts.

3. AGENCY—*Authority.* A principal is bound by the contracts of his agent made within the apparent scope of his authority notwithstanding limitations of the agent's power, if the party dealing with the agent be ignorant of such limitations.

4. —— *Ratification.* The ratification by the principal of an unauthorized act of his agent is equivalent to an original grant of authority.

5. —— *Adoption Includes Liability.* When a principal adopts the unauthorized act of his agent, and brings suit to secure its benefits, he cannot escape its liabilities by claiming ignorance of some of the facts. He is obliged to inform himself of the scope of the unauthorized performance, or be bound to the same extent as if he had done so.

6. —— *Pleading—Proof.* Proof of ratification includes proof of agency and authority, and may be made under a pleading charging the ratified act to be that of the principal.

7. —— *Must Accept Burdens with Benefits.* A principal cannot appropriate to himself all the advantages of his agent's unauthorized conduct and repudiate its obligations. Ratification must include the entire act.

8. PROMISSORY NOTE—*Consideration.* Parol evidence is admissible to show that the consideration of a promissory note has failed.

Error from Ottawa district court; ROLLIN R. REES, judge. Opinion filed March 11, 1905. Affirmed.

*David Ritchie,* for plaintiff in error.

*Thompson & King,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: Henry Knoll successfully resisted the payment of a promissory note given to W. M. Smith, and indorsed to the plaintiff, on the ground of a failure of consideration. The questions in the case are whether an oral agreement furnishing the consideration of the note can be repudiated by the plaintiff, and whether evidence relating to the agreement contradicts the written promise. The verdict, the special findings of the jury and the judgment rendered after a motion for new trial all being for the defendant, only the evidence in his favor need be considered.

Smith purchased a thrashing outfit at Salina. The sale was not made until the machine was delivered.

Aultman v. Knoll.

The delivery was made by G. S. Lowell, president of the Lowell Windmill Manufacturing Company, who had the machine in his possession, arranged all the terms of the sale, and received payment of the price. The price was paid by notes given by Smith to the plaintiff as payee. The notes were secured by a chattel mortgage on the machine, given to the plaintiff as mortgagee. In the chattel mortgage a portion of the description of the property was that it had been manufactured by the plaintiff and purchased from it at Salina through its agent, the Lowell Windmill Manufacturing Company. The plaintiff accepted the notes and mortgage, and afterward foreclosed the mortgage and took the machine away from Smith by virtue of the rights it afforded.

Under the authorities the foregoing facts were sufficient to prove that the Lowell company was the agent of the plaintiff in all of the details of the transaction so far described, but the proof does not stop there. Mr. Lowell, president of the company, testified unqualifiedly, and without objection on the part of the plaintiff, that he was at the time the agent of the plaintiff. This part of the proof of agency did not consist of mere declarations shown to have been made by him. It was his own testimony to the fact of agency, and hence was competent. (*Howe Machine Co. v. Clark,* 15 Kan. 492; *Cowles & Eldridge v. Burns,* 28 id. 32; *French v. Wade,* 35 id. 391, 11 Pac. 138; *Ream v. McElhone,* 50 id. 409, 31 Pac. 1075.)

A. B. Neeley, of Minneapolis, had taken Smith to the office of the Lowell company. The Lowell company agreed to divide its commission with him for his services in effecting a sale. Lowell desired that farmers' notes to the amount of $1000 be procured for the company as additional security for the price of the machine. He arranged with Neeley to obtain them, and instructed Neeley to say to the farmers that the notes were to be taken as collateral on the sale of the

machine to Smith; that Smith would do their thrashing; and that the notes were to be paid to the plaintiff when the thrashing was done. He further gave Neeley a writing, to show to the farmers what kind of a thrasher Smith was. Neeley personally obtained from Knoll the note in suit, upon a promise made in accordance with Lowell's instructions. Neeley named Smith as payee in the note, but it was indorsed direct to the company. Although Smith carried the notes to Salina, Neeley required him to receipt for them "to be delivered to G. S. Lowell, Salina, Kan." Neeley was Lowell's efficient arm, precisely the same as his secretary, who wrote the chattel mortgage, and the jury had the right to interpret the transaction as if the notes had been made payable direct to the plaintiff. The notes of other farmers were procured in the same way. Lowell took possession of them, and sent them all in to the plaintiff with Smith's notes and mortgage for the machine. The plaintiff received and kept them, and sued Knoll upon the one he had given, without thrashing his wheat.

This state of facts renders it impossible for the plaintiff to claim that it is an innocent purchaser of the defendant's note. If Smith himself had been required to furnish the collateral security, and Lowell had been ignorant of defenses to it, such a position might be assumed; but the knowledge of Lowell of conditions affecting the consideration of any of the collateral taken was the knowledge of the plaintiff.

In plaintiff's assignments of error it is said that the testimony relating to this transaction was improperly admitted because no authority was shown to bind the plaintiff by a promise to thrash Knoll's wheat. On the trial the jury returned the following findings of fact:

"At the time the note in question was executed did A. B. Neeley state to the defendant that the plaintiff

Aultman v. Knoll.

would have said William M. Smith thrash his wheat for him? A. Yes.

"Was the consideration for the note in question a representation made by said Neeley to the defendant, at the time said note was executed, that the plaintiff would have said Smith thrash the defendant's wheat for him? A. Yes.

"Did said Neeley, in taking the note in question from the defendant, act as the agent for the plaintiff in the sale of a thrashing-machine by said plaintiff to W. M. Smith? A. Yes.

"When the machinery in question was sold was the Lowell Windmill Manufacturing Company the agent of the plaintiff in this action? A. Yes."

There is no assignment of error made or argued in the brief directly attacking the sufficiency of these findings of fact. They are submitted to as the established facts in the case. This being true, this court also will accept them. Hence, so far as the assignments of error now under consideration are concerned the authority of the agent was fully proved. How it was proved, or at what stage of the proceeding it was proved, the court will not investigate the record to discover. Therefore, the reason given for rejecting the testimony in question is confuted by the undisputed findings of the jury.

The plaintiff, however, makes an indirect attack upon the truth of the special findings by arguing a demurrer to the evidence. The proof that the Lowell company was the plaintiff's agent in the sale of the machine was complete, and the taking of the collateral paper was an incident of that transaction, so that the plaintiff's acceptance and retention of the farmers' notes, and its attempt to enforce them, taken in connection with the other facts in the case, furnished a sufficient foundation for the inference that the Lowell company had authority to procure collateral in connection with the sale of plaintiff's machine. The approval of its agent's conduct in this respect was some

evidence of authority. The ultimate source of the agent's authority is found in these acts of the principal, as the rule in this respect requires.

If Lowell had authority to procure Knoll's note, but had no authority to promise to do his thrashing, the plaintiff is bound, because a promise of that kind is clearly within the apparent scope of such an agent's authority. It would be strange indeed if an agent should be sent among the farmers of a community to obtain their promissory notes for the benefit of a thrashing-machine company without power to render something in return. Since Knoll had no knowledge of any limitations upon the agent's authority the plaintiff cannot now asert them.

"The sole question is, Was the general authority of plaintiff's agent as traveling salesman, in the absence of notice to the contrary on the part of the defendant, as a matter of law, sufficient to bind plaintiff to the conditions attached to the contract of sale as pleaded? The trial court so instructed. The sale of the goods out of which this controversy arose fell directly within the scope of the agent's authority. While that authority may, as between the agent and his principal, have been limited and the agent responsible to his principal for exceeding its bounds, yet, as between plaintiff and defendant, as no limitation upon the agent's authority was known to defendant, and as the agent acted within the apparent scope of his authority, the conditions attached to the sale bound plaintiff." (*Ludlow v. Fribley,* 67 Kan. 710, 711, 74 Pac. 237. See, also, *Babcock v. Deford,* 14 id. 408; *Banks Bros. v. Everest & Waggener,* 35 id. 687, 12 Pac. 141.)

There is no conflict between the decisions in the Ludlow case and the cases of *Kane v. Barstow,* 42 Kan. 465, 22 Pac. 588, 16 Am. St. Rep. 490, and *Wilcox v. Eadie,* 65 id. 459, 70 Pac. 338, although the syllabus of the Kane case is likely to be misunderstood. These were cases involving attempts to deduce agency from an appearance of authority, and, of course, agency and authority must always be proved as facts when denied; but in the interpretation of an authority, in

a controversy between the principal and a third person, apparent and not actual authority controls, when no limitation has been disclosed.

. Concede, however, that the Lowell company had no authority whatever to go out and procure collateral security in connection with the sale of plaintiff's machines. The plaintiff is then in the attitude of seeking to appropriate without investigation or inquiry all the benefits of Lowell's deal, and it is elementary law that a party cannot do this and reject the uncomfortable features of the bargain. The decisions of this court upon the subject are so plain that a discussion of the proposition is unnecessary. (*Babcock v. Deford,* 14 Kan. 408; *Waterson v. Rogers,* 21 id. 529; *Ehrsam v. Mahan,* 52 id. 245, 34 Pac. 800; *Railway Co. v. Cooper,* 57 id. 185, 45 Pac. 587.)

In adopting the unauthorized conduct of its agent the plaintiff was obliged to inquire and ascertain the full extent of it or be bound in the same manner as if it had done so, and it cannot now enforce a portion of Lowell's agreement without assuming all the liabilities attached to it.

". . . Upon learning of the unauthorized act of his agent, the principal, deeming the act to be to his advantage, may expressly ratify it and avail himself of its benefits; or, deeming it to be to his detriment, he may expressly repudiate it; or, as is more often the case, he may take no decisive step in either direction, but tacitly leave his intention to be determined by his subsequent acts. He is under no obligation to expressly affirm, but if he decides to do so, he may fully inform himself of all the material facts, or he may intentionally assume the risk without inquiry, or he may deliberately ratify upon such knowledge as he possesses without caring for more. . . ."

"It is a fundamental rule that if the principal elects to ratify any part of the unauthorized act he must ratify the whole of it. He cannot avail himself of it so far as it is advantageous to him, and repudiate its obligations; and this rule applies not only when his ratification is express but also when it is implied."

"One of the most unequivocal methods of showing ratification of an agent's act is the bringing of an action at law based upon such act. . . ." (Mech. Ag., §§128, 130, 151.)

Ratification is equivalent to an original grant of authority. The situation of the parties is the same as if the plaintiff had induced the contract in the first instance, through an agent duly appointed for the purpose. Proof of ratification includes proof of agency and authority, and may be made under a pleading charging the ratified act to be that of the principal.

"If proof of agency were needed to establish a trust, the evidence adduced is sufficient to show ratification by plaintiff of the conduct of the investment company in receiving the insurance money. Such ratification is equivalent to prior authority, and need not be specially pleaded." (*Smith v. Des Moines National Bank,* 107 Iowa, 620, 624, 78 N. W. 238.)

"The proposition is elementary that a corporation acts only through its officers and agents. It is a rule of pleading scarcely less elementary, that the allegation in the complaint that defendant made and executed the written contract referred to sufficiently avers the making of the instrument in behalf of the company by its duly authorized officers or agents. . . . We conclude that it was competent for plaintiff to sustain the averment in his complaint by proof, showing either an original execution of the lease with due authority, or a subsequent ratification of Elliott's unauthorized act." (*Hoosac Mining & M. Co. v. Donat,* 10 Colo. 529, 533, 16 Pac. 157.)

Such being the law, the evidence proved agency and authority for the agreement in question, and the demurrer to the evidence was properly overruled.

The plaintiff argues that the promise to Knoll to thrash his wheat was a mere inducement for the execution of an accommodation note for Smith. The jury, however, found from the evidence that the promise was the consideration for the note, and the conclusion to be drawn from an interpretation of the conversation between Neeley and Knoll is one of fact.

It is further urged that the evidence assailed was introduced for the purpose of contradicting or qualifying the absolute terms of a promissory note, and many cases are cited in which it is decided that such cannot be done. No court has expressed itself upon that proposition with greater emphasis than this one; but the rule of law announced in the cases referred to has no application to the facts of this controversy.

"It is a well-established principle of the law, pertaining to bills of exchange and promissory notes, that in all cases in which the consideration is open to inquiry, parol evidence is admissible to show the want, failure, or illegality of the consideration, or the fact that the consideration differed from the one expressed in the instrument upon which the suit is brought." (4 A. & E. Encycl. of L. 199.)

Such is the rule in this state. (*French v. Gordon,* 10 Kan. 370; *Dodge v. Oatis,* 27 id. 762.)

Certain instructions to the jury are complained of, but the special findings show they could not have operated to the plaintiff's prejudice.

The judgment of the district court is affirmed.

All the Justices concurring.