# CHARLESTON.

GEORGE DE WITT SHOE CO. v. E. E. ADKINS *et als.*

Submitted January 21, 1919.   Decided January 28, 1919.

1. PRINCIPAL AND AGENT—*Powers of Traveling Salesman—Return of Goods.*

    A traveling salesman has implied authority as agent, to bind his principal by a stipulation in a contract of sale of goods, according to the vendee right to return the goods, within a reasonable time, if found to be unsatisfactory.   (p. 269).

2. SAME.

    But he has no implied authority to stipulate for an unconditional and unlimited right of return.   It must be reasonable and usual in its character.   (p. 269).

3. SALES—*Stipulation for Return of Goods—Construction.*

    A stipulation for right of return of goods, if unsatisfactory, proved in general and indefinite terms, is properly construed as one allowing only a reasonable period of time for testing their desirability and fitness by inspection and sales, and the purchaser, after having sold an unreasonable portion of them and kept the balance for an unreasonable period of time, cannot return the residue for credit on his account.   (p. 269).

Error to Circuit Court, Cabell County.

Assumpsit by the George De Witt Shoe Company against E. E. Adkins and others.   Judgment for defendants and plaintiff brings error.

> *Reversed, verdict set aside, new trial awarded.*

*Jean F. Smith,* for plaintiff in error.
*J. W. Perry,* for defendants in error.

POFFENBARGER, JUDGE:

The important inquiries arising upon this writ of error to a judgment for the defendant, in an action of assumpsit for the price of merchandise sold and delivered, are, (1), whether power to make a conditional sale of merchandise is within the apparent authority of a traveling salesman; (2), if so, whether such authority is unlimited; and, (3), whether the evidence sustains the verdict.

Under an order taken Sept. 9, 1910, by J. W. Koontz, its traveling salesman, the plaintiff made five shipments of shoes to the defendant, between that date and Dec. 10, 1910, of the aggregate value of $619.63. The first and largest bill matured a few days before the last shipment was made. Nothing was paid on any of them, until after the claim had been placed in the hands of an attorney for collection. Evidence introduced by the plaintiff tends to prove a demand for payment of the first bill by letter on Dec. 6, 1910, and repeated demands for payment of it and the others as they fell due. On Dec. 19, 1910, a draft was made for the amount of the first bill, which was returned unexplained. One of the defendants, in his testimony, denies having received any of the letters except one, and, on January 4, 1911, he wrote the plaintiff a letter saying: ''We will pay you on the 20th as we have a pay day then, hope this will be satisfactory to you. We have to sell on those terms and we will pay you sure then.'' He admits presentation and dishonor of the draft. Out of these shoes, the defendants sold at retail, until May 4, 1911, when, having sold $293.00 worth of them, they boxed up and delivered to the Chesapeake & Ohio Railway Co. the residue for shipment to the plaintiff, upon the assumption of their right under the contract, to return them, because they were unsatisfactory. The plaintiff refused to accept them, on their arrival at their destination, Lynchburg, Va., and, in considerable subsequent correspondence, denied the right of the defendants to return them.

Not having produced the order on which the shipments were made nor proved any excuse for non-production thereof, the plaintiff introduced testimony tending to prove that it was unconditional in its terms. On the other hand, the two members of the defendant firm and the wife of one of them, swear positively that the goods were purchased, or the order given, with the understanding and agreement that the defendant should have the right to return them, if they should be found to be unsatisfactory. They further testified that the shoes were very unsatisfactory and caused them a great deal of trouble with their customers, it having been necessary to make good a great many shoes returned on account of se-

rious defects. In addition to its denial of the conditional character of the contract, the plaintiff introduced testimony tending to prove the shoes were regular and good values for the prices at which they were sold. For some reason not explained, the salesman who took the order was not put on the stand by either of the parties.

The case was submitted to a jury, without instructions, and they returned a verdict for the defendant, on which the judgment was rendered, after the overruling of a motion for a new trial.

The prevailing, if not the universal, holding of the courts is that it is within the scope of the apparent authority of a sales agent, to stipulate with the vendee that the property sold may be returned to the vendor, if it is not satisfactory to the purchaser. Of course a vendor may agree with the vendee, that the latter shall take the goods upon trial and test them out and return them, or the unused portion of them, in case they prove to be unsatisfactory, for such a contract is neither illegal nor contrary to public policy. The liberty of contract obtaining in this country enables the owner either to give or withhold from his agent power to make such a contract on his behalf; and, if an agent should make it for his principal, without authority, he would violate his agreement with his principal, but, according to the current of judicial authority, he would nevertheless bind his principal to the vendee, if the vendee had no knowledge of the limitation upon the agent's apparent authority. Secret instructions to an agent, inconsistent with his apparent authority, are not binding upon third parties dealing with him. *Union Bank & Trust Co.* v. *Long Pole Lumber Co.,* 70 W. Va. 558; *Bank* v. *Ohio Valley Furniture Co.,* 57 W. Va. 625; *Rohrbough* v. *Express Co.,* 50 W. Va. 149; *Clark* v. *Gordon,* 35 W. Va. 735; *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 119 Ga. 124; *Ludlow-Saylor Wire Co.* v. *Fribley Hardware Co.,* 67 Kan. 710; *Towle* v. *Leavitt,* 23 N. H. 360; *Clews* v. *Reilly,* 53 Hun. (N. Y.) 636; *Hatch* v. *Taylor,* 10 N. H. 538; Mechem, Agency, sec. 854. An agent has implied authority to fix the price and terms of sale and agree upon such incidental matters as the time and place of

delivery, provided he does not go beyond what is reasonable and usual, in the stipulations he makes respecting such things, and his principal is bound by what he does, within these limitations, even though he acts without authority, if the person who deals with him is not cognizant of his want of authority. A stipulation in a contract of sale of personal property, binding the principal to take back the property, if it proves to be unsatisfactory, is held to be usual and reasonable, and therefore within the agent's apparent authority. *Eastern Mfg. Co.* v. *Brenk,* 32 Tex. Civ. App. 97; *French Piano Co.* v. *Cardwell,* 114 Ga. 340; *Zaleski* v. *Clark,* 44 Conn. 218; *Oster* v. *Mackley,* 35 Minn. 245; *Babcock* v. *Deford,* 14 Kan. 408.

As to the existence of a stipulation for return of the goods, if found to be unsatisfactory, there is no preponderance of evidence against the verdict. It is all oral and conflicting, the witnesses for the plaintiff only denying the authority of the salesman to make a conditional sale and the existence of a return provision in the order, and three witnesses swearing the sale was a conditional one, while the law supplies the agent's authority. While they do not define it, the witnesses for the plaintiff admit its maintenance of a return goods department. The letter in which the defendants promised to pay is general and indefinite in its terms and purport. Hence, it is not necessarily inconsistent with their position. As the order for the goods was not produced nor its complete contents established, there is no proof of a written contract. If it had been put in evidence it might have been no more than a memorandum or an incomplete contract, not precluding oral proof of terms and conditions not stated in it. *Rymer* v. *South Penn Oil Co.,* 54 W. Va. 530; *Johnson* v. *Burns,* 39 W. Va. 658; *Cream City Glass Co.* v. *Friedlander,* 84 Wis. 53 36 Am. St. 895.

The evidence is insufficient, however, to sustain the kind of a return contract the defendants claim. It is general and indefinite in its terms, and, properly construed, it means that the purchasers were to take the goods upon trial, with the privilege of return after a reasonable time for a test of their fitness for the trade for which they were conditionally

bought.  One witness states the contract in these terms: "If the shoes did not give satisfaction or any number that did not give satisfaction, we were to return them."  Another says the agent said "If these shoes don't prove to be the shoes I say they are and don't give satisfaction, all you have got to do is to box these shoes up and send them back at our expense."  The third one says "The contract was that the shoes were to give perfect satisfaction, if not, we were to box them up and return them."  Nothing in this language imports intention to permit an unlimited and unrestricted right of return.  Inspection was one of the tests to be made and that required very little time.  Determination of fitness by sales required more time, but not an unlimited or unreasonable period.  A month or two was amply sufficient.  These goods were retained seven months and almost half of them sold before the return of the residue.  As this provision of the contract was inserted for the benefit of the defendants and they were relying upon it, as a ground of defense, it was incumbent upon them to prove and define it and they have proved no more than a stipulation for right of return, which, presumptively, was the usual and customary return privilege after a fair test of fitness.  If it was more than that, they should have said so, and the jury could not supply the lack of evidence by their verdict.  Retention of trial goods, after a reasonable test has been made, amounts to an election to keep them.  *Zipp Mfg. Co.* v. *Pastorino,* 97 N. W. 904.

An agreement for an unlimited and unrestricted right of return, if made, was not within the implied authority of the agent.  Under it, he could do only what was reasonable and usual.  Power to stipulate for a limited right of return constitutes no ground of argument for authority to allow such right without a limit.  The reasonableness of a stipulation may depend upon its extent as well as its character or subject matter, and there is no authority for the proposition that an agent has implied power to put an unreasonable provision in his principal's contract.

It follows from these principles and conclusions, that the

judgment must be reversed, the verdict set aside and a new trial awarded.

*Reversed, verdict set aside, new trial awarded.*