No. 27,586.

The McCord-Brady Company, *Appellant,* v. I. S. Hagan, *Appellee.*

(259 Pac. 785.)

SYLLABUS BY THE COURT.

Account, Action on—*Agency*—*Frauds, Statute of.* The proceedings considered in an action on an account, and *held,* various objections to the defense which was interposed were without merit.

Appeal from Smith district court; William R. Mitchell, judge. Opinion filed October 8, 1927. Affirmed.

*L. C. Uhl, Jr.,* of Smith Center, *E. G. McGilton* and *J. C. Smith,* both of Omaha, Neb., for the appellant.

*A. W. Relihan, T. D. Relihan* and *J. T. Reed,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover on an account for merchandise sold by plaintiff to defendant. The verdict and judgment were for defendant, and plaintiff appeals.

Hagan was a merchant at Smith Center, and purchased goods of plaintiff for several years. Hagan sold out to Kirk, to whom plaintiff had previously sold goods. Kirk was not able to pay Hagan in full, Hagan owed plaintiff, and Kirk assumed payment of the Hagan account. Plaintiff assented to Kirk taking over the account provided Kirk continued to deal with plaintiff, and plaintiff released Hagan from payment of the account. Thereafter Hagan made no attempt to collect from Kirk. Kirk continued to deal with plaintiff, made a number of payments on the Hagan account, became indebted to plaintiff on his own account, and finally made an assignment for benefit of creditors. Plaintiff then sued Hagan.

The arrangement whereby Kirk agreed to discharge his debt to Hagan by paying plaintiff, and plaintiff agreed to accept Kirk as its debtor in place of Hagan and to release Hagan, was made with plaintiff's agent. The agent denied any such arrangement was made. The question was one of fact, and the jury believed Hagan and Kirk.

Plaintiff denied its agent had any authority to conclude the arrangement. The evidence was that plaintiff accepted benefits of the arrangement, which need not be detailed here, and when Kirk failed,

Accounts and Accounting, 1 C. J. p. 668 n. 20. Agency, 2 C. J. p. 493 n. 55. Contracts, 13 C. J. p. 315 n. 90. Frauds, Statute of, 27 C. J. p. 321 n. 86.

plaintiff presented the Hagan account against his assignee. Under these circumstances, a subsequent change of front availed plaintiff nothing.

Plaintiff asserts the arrangement was void because of the statute of frauds. The statute of frauds does not apply to plaintiff. Its agreement was consummated when made, and it is not charged on any special promise to answer for the debt, default, or miscarriage of another.

Plaintiff asserts the arrangement was not supported by any consideration. Plainly, the benefits and detriments consequent on the arrangement constituted consideration.

The judgment is affirmed.