No. 28,467.

F. J. SWARTZ, as an Individual, and as Executor of the Estate of M. A. Swartz, Deceased, *Appellant*, v. W. S. LINN, as the Linn Tire Service, *Appellee*.

(274 Pac. 217.)

Opinion filed February 9, 1929.

*V. Harris* and *M. P. Shearer*, both of Wichita, for the appellant.

*Burt Comer* and *Harold H. Malone*, both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one on account to recover a balance of $764.60 claimed to be owing by the defendant to the plaintiffs for automobile tires, sold by the plaintiffs to the defendant. The defendant set up a counterclaim to recover a balance of $646.35 claimed to be due from the plaintiffs to the defendant as a rebate to be deducted from the purchase price of the tires sold by the plaintiffs to the defendant. The counterclaim of the defendant was allowed by the jury, and the verdict was returned in favor of the plaintiffs for the difference between the counterclaim and the amount claimed by the plaintiffs, $118.25. Judgment was rendered on the verdict, and the plaintiffs appeal.

1. The principal question argued by the plaintiffs concerns the sufficiency of the evidence to sustain the verdict of the jury allowing to the defendant his counterclaim. This question was presented to the trial court by a demurrer to the evidence of the defendant, by

a request for an instruction directing the jury to return a verdict in favor of the plaintiffs for the amount sued for by them, and in the motion for a new trial by alleging that the verdict was contrary to the evidence. This necessitates a summarizing of the evidence as disclosed by the abstract.

There was evidence which tended to prove that F. J. Swartz and M. A. Swartz, his wife, were partners as Swartz Lumber and Sales Company, engaged in the wholesale business of selling Firestone automobile tires in the city of Wichita; that the defendant was engaged in the retail business of selling automobile tires in that city; that W. J. Weigle was the head salesman in the tire business of the company, working under Howard Swartz, son of F. J. Swartz; that Weigle, with W. C. Shanks, city salesman of the Firestone Tire and Rubber Company, went to the defendant at his place of business; that there W. J. Weigle entered into a contract with the defendant by which the latter was to sell Firestone tires and purchase them from the Swartz Lumber and Sales Company and if within a period of six months the defendant sold $10,000 worth of such tires he should have a rebate of six per cent on their purchase price; that the contract was not in writing; that the tires were delivered to the defendant; that the defendant made payments thereon; that more than $10,000 worth of tires were sold during the six months; that Howard Swartz then went to the defendant and asked payment of the balance which was claimed to be due for the tires sold; that the defendant refused to pay, claiming the amount of rebate; and that this suit immediately followed. There was evidence which tended to prove that Weigle was directed by Howard Swartz not to sell tires to anyone until he had named the price to be paid therefor; and that Howard Swartz objected to selling tires to the defendant, but that F. J. Swartz had told Weigle to go to the defendant and see what could be done, and directed Weigle-not to give the defendant any special prices or discounts.

The plaintiffs contend that Weigle was the special agent of the company with restricted authority, and that the defendant was bound to ascertain the extent of that authority. In response to that contention the defendant argues that Weigle was a salesman of the company and sold tires as such; that as such salesman he was clothed with apparent authority to name the price and terms of the sale; and that the company was bound by the terms named by the salesman. The goods were delivered under the contract made

by Weigle with the defendant. The plaintiffs are seeking to recover the purchase price of the tires under the contract made by Weigle with the defendant as the plaintiffs claim that contract was made. The evidence was conflicting concerning the terms of that contract. The plaintiffs claimed that there was no provision made for any rebate; the defendant claimed there was. The jury found in favor of the defendant. That settled the question of the terms of the contract.

"A principal is bound by the contracts of his agent made within the apparent scope of his authority notwithstanding limitations of the agent's power, if the party dealing with the agent be ignorant of such limitations." (*Aultman v. Knoll,* 71 Kan. 109, syl. ¶ 3, 79 Pac. 1074.)

(See, also, *Babcock v. Deford,* 14 Kan. 408; *Banks Bros. v. Everest & Waggener,* 35 Kan. 687, 12 Pac. 141; *Ludlow v. Fribley,* 67 Kan. 710, 74 Pac. 237; *Townsend v. Railway Co.,* 88 Kan. 260, 263, 128 Pac. 389; 2 C. J. 597; and 1 Mechem on Agency, 2d ed., § 854.)

2. The court, in the instructions to the jury, submitted the question of ratification of a contract by the company. The plaintiffs claim there was no issue or evidence to justify the giving of such instructions. Ratification was not made an issue by the pleadings. The evidence only incidentally touched the question of ratification. There was no direct evidence on that question. The circumstances surrounding the transaction from beginning to end was the only evidence from which a ratification may have been inferred. The court is unable to perceive wherein the instructions concerning ratification were prejudicial to the plaintiffs, because the goods were sold under specified terms and were delivered under those terms. The plaintiffs are seeking to recover on what they claim were the terms of the contract. The defendant is seeking to recover on his understanding of the contract. The plaintiffs cannot recover except on the terms of the contract made with the agent by the defendant. To permit the plaintiffs to recover would be to allow the agent to practice a fraud on the defendant in making the contract for the sale of the tires and then permit the plaintiff to repudiate the fraud and recover notwithstanding that fraud.

In *Advertising Co. v. Smalley,* 101 Kan. 645, 649, 168 Pac. 677, this court said:

"The plaintiff cannot avoid the fraud of its agent, and enforce the contract.

In other words, after a contract has been procured by the fraud of an agent, the principal cannot disregard the fraud, and enforce the contract. (*Victor Sewing Machine Co. v. Rheinschild*, 25 Kan. 534; *Insurance Co. v. Gray*, 43 Kan. 497, 23 Pac. 637; *Bank of Lakin v. National Bank*, 57 Kan. 183, 45 Pac. 587; *Aultman v. Knoll*, 71 Kan. 109, 115, 79 Pac. 1074.)

"The principal is bound by the fraud of his agent, while acting within the scope of his employment, although the principal did not authorize nor know of his agent's fraud. (2 C. J. 849; 31 Cyc. 1583; Note, 1 L. R. A. 144, 145.)" (See, also, *Petroleum Co. v. Gas & Fuel Co.*, 112 Kan. 73, 209 Pac. 826; *McCord-Brady Co. v. Hagen*, 124 Kan. 319, 259 Pac. 785.)

If the agent violated his instructions in making the contract with the defendant, the company by delivering the tires under that contract and the plaintiffs by seeking to recover thereon have ratified and adopted it to such an extent that it cannot now be repudiated. The contract as made must be ratified and adopted, or repudiated. Both cannot be done. There was no prejudicial error in giving the instruction concerning ratification.

The judgment is affirmed.