No. 19,479.

THE STATE OF KANSAS, *Appellee,* v. SILAS N. MARSEE, *Appellant.*

SYLLABUS BY THE COURT.

1. STATUTORY RAPE—*Incompetent Evidence—Improper Liberties with Other than Complaining Witness.* In a prosecution for statutory rape upon his stepdaughter, the state was permitted to introduce evidence that upon one occasion the defendant had been accused by his own daughter of attempting improper liberties with her, and that upon this accusation being made (in the presence of the complaining witness) he had struck her. *Held,* that error was thereby committed requiring the granting of a new trial.

The State v. Marsee.

2. SAME—*Contradictory Statements by Complainant—Competent Evidence to Explain.* The complaining witness was permitted to testify that her mother had told her that the defendant had threatened them both with death if they appeared against him. It was shown that a prior prosecution had failed because at the preliminary hearing the complainant had testified to the innocence of the defendant. *Held,* that the evidence was competent as tending to explain the former testimony.

3. SAME—*Defendant's Wife Competent Witness Against Him.* The defendant's wife was permitted to testify to a conversation with him. *Held,* that the provision of the criminal code that no one shall be rendered incompetent to testify in a criminal case by reason of being the husband or wife of the accused removes the only objection to the admissibility of such evidence.

4. SAME—*Rulings Not Prejudicial.* . Other trial rulings examined and held not to be materially erroneous.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed December 12, 1914. Reversed.

*W. H. Carpenter,* of Marion, for the appellant.

*John S. Dawson,* attorney-general, *R. Williams,* county attorney, and *Samuel Jones,* of Lyons, for the appellee.

The opinion of the court was delivered by

MASON, J.: . Silas N. Marsee was convicted of rape on the complaint of his stepdaughter, who was under eighteen years of age. He appeals.

The defendant's own daughter was called as a witness in his behalf. She testified that she had never seen or heard of anything out of the way between her father and the complaining witness, although she had been closely associated with them during the period covered by the charge. On cross-examination she returned a negative answer to the question whether on one occasion, in the presence of the complaining witness and the defendant's wife, her father had not struck her for accusing him of having attempted improper

liberties with herself. In rebuttal the state was permitted to introduce the evidence of the complainant and her mother to the effect that such an occurrence had taken place. The defense maintains that this was prejudicial error, because it allowed a showing, by hearsay evidence, of misconduct of the defendant unrelated to that for which he was on trial. The state seeks to justify the ruling on two grounds: (1) that the evidence in question tended to rebut the statement of the defendant's daughter that she had seen nothing "out of the way" between him and the complainant, the episode in point being of that character; and (2) that the occurrence helped to explain the silence of the complainant as to her ill treatment, by showing that she had good reason to fear personal violence if she revealed the defendant's misconduct. This court is of the opinion that the evidence was not admissible upon either ground, that it introduced a collateral issue strongly tending to arouse passion against the defendant, and that it was therefore so clearly prejudicial as to require the setting aside of the verdict.

Other questions presented may arise again upon another trial, and so require to be now determined. The prosecuting witness was permitted to testify that her mother had told her that the defendant had threatened their lives if they appeared against him. Complaint is made of the admission of this testimony, on the ground that it was hearsay. Prior to the present prosecution the defendant was arrested upon the same charge. At a first preliminary hearing the complaining witness swore that the complaint was untrue, and he was discharged. He was rearrested later, and at the trial the complaining witness explained her prior testimony by saying that it was induced through fear of the defendant, caused by what her mother had told her. Inasmuch as the complainant had previously given evidence exactly to the contrary of the story she told at the trial, it was competent for the state, for the purpose of ac-

counting for the discrepancy, which was certain to be brought to the attention of the jury, to show that she had been told that the defendant had threatened to kill her if she gave evidence against him. The evidence was competent to show the probable state of mind of the witness. Viewed in that light it was not hearsay, the essential fact to be proved being, not that the defendant had actually threatened the witness, but that she had reason to believe that he had done so. The same objection is made to evidence given by the mother of the complaining witness as to a conversation with her daughter in which she advised her to leave the state to avoid appearing against the defendant. This was competent upon the ground already stated. The jury might well have been instructed that the evidence referred to was to be considered by them only as tending to show the probable state of mind of the complaining witness, but as no instruction to that effect was asked the omission to give it was not error. (1 Wigmore on Evidence, § 13; *Sweet v. Savings Bank,* 73 Kan. 47, 84 Pac. 542.)

Objection is made to the cross-examination of the defendant concerning some prior domestic troubles, but we do not regard the matters that were brought out as seriously prejudicial.

The defendant's wife was allowed to testify that shortly after his first arrest, in the course of a conversation with her, he advised her to take her daughter and leave the country, and threatened to kill them both if they did not do so. This is objected to on the ground that the conversation was privileged as a confidential communication between husband and wife. In this state evidence of confidential communications between husband and wife may be received in a civil action if it can be given by a competent witness. (*The State v. Buffington,* 20 Kan. 599, 615.) The reason why one spouse may not testify to confidential communications with the other is because of the personal disability imposed by the law—a want of capacity in the individual

by whom the fact is sought to be shown. The provision of the civil code does not apply in criminal cases. (*The State v. Buffington,* supra; *The State v. Pearce,* 87 Kan. 457, 124 Pac. 814.) "While the civil code provides that neither the husband nor wife shall, as a witness, furnish evidence concerning confidential communications, yet it does not provide that others who may happen to be possessed of such communications shall not do so; and while the criminal code provides that the provisions of law in civil cases relative to 'compelling the attendance and testimony of witnesses,' and 'their examination,' 'shall extend to criminal cases,' yet it does not provide that the provisions of law in civil cases relating to the *competency* of witnesses and the *competency of evidence* shall extend to criminal cases." (*The State v. Buffington,* 20 Kan. 599, 615.) The criminal code provides in set terms that no person shall be rendered incompetent to testify by reason of being the husband or wife of the accused. (Crim. Code. § 215.)

The information contained two counts. The state's evidence tended to show a series of acts of sexual intercourse extending over a considerable period. At its conclusion a motion to require an election was sustained, and the state elected to rely on the last two acts testified to, one being in March, 1913, and the other in February of that year. The court instructed that a conviction could be had on each count, if an act of sexual intercourse had been proved, being the act on which the state had elected to rely for a conviction. This is objected to on the ground that it in effect allowed the jury to determine on what acts the state had elected to rely. A reasonable interpretation of the entire charge, however, seems to free it from this objection. The court also gave an instruction in general terms that the state was not confined to the precise dates alleged, but that a conviction might be based upon proof of an offense committed at any time within two years. This is objected to as in effect wiping out the election, and allowing the jury to base a verdict on any

act testified to.   The language chosen for the instruction might well have been framed so as to guard against any possible misapprehension on this point, but we can not believe, under all the circumstances, that there is any likelihood of the jury having actually been misled.   The acts relied upon were identified, not only by their being the last ones testified to, but by the months in which they took place.

It was shown that the complaining witness had become pregnant.   Some of the evidence tended to show that she had had sexual intercourse with another than the defendant.   An instruction was given to the effect that the fact of such intercourse would not constitue a defense.   The defendant asked the court to instruct that the jury had a right to consider any evidence tending to show that the complainant had had sexual intercourse with other men at or about the time she claimed to have become pregnant.   The request was refused and complaint is made of the ruling.   The evidence was before the jury.   Its bearing was sufficiently apparent so that an omission to comment on it specifically was not error.

There was evidence tending to show that the defendant attempted to escape arrest by flight.   An instruction was asked to the effect that such attempted escape was not proof of guilt, and another to the effect that it was not to be considered as any evidence against him.   The first of these instructions was doubtless sound, but hardly vitally necessary.   The second was unsound, for the matter was one to be considered by the jury, with all the other circumstances, for such light as it might throw upon the issue.

An instruction was asked and refused to the effect that if the jury believed that any witness had attempted to induce any other witness to swear falsely, this should be taken into consideration in weighing the testimony. The omission of such an instruction can not be regarded

as error. The jury can hardly have failed to give effect to a circumstance of such obvious importance, if they found it to exist.

The judgment is reversed and the cause remanded for a new trial.